# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRIEST DELON BUTLER,**
          **Plaintiff,**

   v.                                       Case No. 06C1003

**GET IT NOW! and**
**RENT-A-CENTER, INC.,**
          **Defendants.**

## DECISION AND ORDER

Pro se plaintiff Priest Delon Butler, a Wisconsin citizen, brings this state law defamation action against defendants Get It Now!, LLC and Rent-A-Center, Inc. Rent-A-Center is incorporated in Delaware and has its principal place of business in either Texas or Kansas. Get It Now! is a Delaware LLC, which has only member, Rent-A-Center. Therefore, the parties are diverse. Plaintiff seeks $4.5 million in damages and thus satisfies the amount in controversy requirement. Therefore, I have subject matter jurisdiction over the case. Before me now is defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6).

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he was employed by defendant as an assistant manager and that he was terminated because a number of people made complaints against him, including complaints of sexual harassment, racist statements about whites and Hispanics and of the theft of money from a cash drawer. Plaintiff alleges that all of the complaints about him were false and unproven. Plaintiff further alleges that when he applied for unemployment compensation, the state investigator asked defendant why plaintiff was

terminated and that defendant stated that plaintiff was terminated because of the above-described complaints and gave no further details about them.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) raises the question of whether a complaint states a claim upon which relief may be granted. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). A complaint or portion thereof may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73(1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even accepting all of the alleged facts, the plaintiff has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). In reviewing a complaint under this standard, the court must accept as true the plaintiff's allegations, Hosp. Bldg. Co. v. Tr. of Rex Hosp., 425 U.S. 738, 740 (1976), and construe the complaint in the light most favorable to the plaintiff, resolving all doubts in his favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III. DISCUSSION

To establish defamation under Wisconsin law, a plaintiff must show that the defendant made a false statement about him to a third person that was unprivileged and that tended to harm his reputation. Torgerson v. Journal/Sentinel, Inc., 210 Wis. 2d 524, 534 (1997). Based on plaintiff's allegations, it is clear that plaintiff cannot prove a set of facts that would entitle him to relief. This is so because plaintiff does not allege that

2

defendant made a false statement about him. Specifically, plaintiff alleges that defendant terminated him based on unproven complaints and that defendant told the state investigator that it terminated him based on such complaints without adding any details. Thus, plaintiff alleges that defendant told the investigator the truth about the circumstances of his termination. Therefore, plaintiff can prove no set of facts consistent with his allegations upon which relief could be granted.

Clearly, plaintiff misunderstands that the fact that the complaints that led to his termination may have been false is irrelevant to his defamation claim. Plaintiff may well be innocent of sexual harassment, racial comments and theft. However, this does not help him in the present case.

**Therefore,**

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin, this 31 day of May, 2007.

/s_____
LYNN ADELMAN
District Judge